In the Matter of the Estate of George B. Garrett, Deceased.
Lucille Loftus, Administrator of the Estate of George B. Garrett, Deceased, Petitioner-Appellant, v. Sherman S. Garrett, Respondent-Appellee.

Gen. No. 68–169.

Second District.

June 10, 1969.

Aplington, Kaufman and Barry, of LaSalle, and Charles E. Weiland, of Peru, for appellant.

Winston, Strawn, Smith & Patterson, of Chicago, and Edward M. Sullivan, of Amboy, for appellee.

MR. JUSTICE DAVIS delivered the opinion of the court.

The parties litigant are before this court a second time, the first appeal being reported in In re Estate of Garrett, 81 Ill App2d 141, 224 NE2d 654 (1967). In that proceeding, the respondent, Sherman S. Garrett, appealed from an order in a section 183 citation proceeding (Ill

Rev Stats 1965, c 3, pars 183–186), directing him to turn over to the estate of George B. Garrett, deceased, certain specified monies, securities and property, or the proceeds of the sale thereof, to the extent they were not used for the care and support of the decedent, or for the payment of his obligations and funeral expenses.

The citation petition alleged that the respondent was believed to have in his possession, certain property belonging to the decedent or his estate, and that he had information concerning such property which was needed for the recovery thereof. It prayed that the respondent be cited to appear and testify touching the property in his hands or about which he may have information, and that the court enter a proper order if it be found that such property is the property of the decedent. The petition did not allege that the respondent concealed, embezzled or had wrongfully converted such property.

The evidence in that litigation indicated that most of the property in question had been sold; and that the proceeds were no longer in the possession of the respondent, but had been turned over to others, who, for the most part, were his relatives.

We there held that the order of the trial court went too far in directing the respondent to turn over properties that had already been distributed to others, who were not before the court. To the extent that the evidence showed that such property was still within the possession of the respondent, we affirmed the order of the trial court directing that such property be turned over to the estate.

On remand of the case, the petitioner filed a supplemental petition, Count I of which alleged that by virtue of the prior orders of the trial court and of this court, it had been adjudicated that the property, over which the respondent had obtained possession and control, was that of the decedent, to the extent it had not been expended for his benefit; that the proceeds of the bank accounts

and from the liquidation of such other property, approximated $77,000, of which $76,500 had been distributed to others, and $500 remained in the possession of the respondent; that by virtue of the prior adjudication, the respondent was indebted to the estate in the sum of $76,500; and that judgment should be entered therefor.

The answer of the respondent admitted the prior proceedings but denied that the orders of the trial court and this court were res judicata as to the question of the right, title and interest to the property obtained by the respondent from the decedent, other than the $500 which had remained in the respondent's possession. The answer also denied that the respondent held said property in trust for the exclusive benefit of George B. Garrett, now deceased, and denied that the respondent disbursed, transferred and paid out a sum of not less than $76,500 of funds derived from said property, plus dividends and attendant income. The petitioner filed a motion for judgment on these pleadings, which was denied. The court found no just reason for delaying appeal and this appeal followed.

The original order of the trial court found that certain designated property, owned by the decedent, was transferred by him to the respondent; and that such property or the proceeds of the sale or transfer thereof, together with the income derived therefrom and from certain realty, not expended for the care and support of the decedent or for his funeral expenses, was the property of the decedent and was unlawfully withheld from his administrator.

In its memorandum decision, the court fully discussed many factual matters and commented with reference to the law, but such conclusions in relation to law and fact were not included in the judgment of the court. The decision was in form of a discourse, and there the court found that no trust was created by the decedent due

246

to lack of certainty as to the subject matter, nature and quantity of the interests to be received by the beneficiaries and the manner of performance; and the court concluded that there was no inter vivos gift, that the respondent was simply an agent of the decedent—managing his affairs while he lived—and that upon his death the respondent held this property in constructive trust for the decedent's estate. There was testimony which indicated that the proceeds from the liquidation of this property approximated the sum of $77,000, but the exact amount was not determined by the trial court in the prior proceeding or by this court on review.

■ ■ The framework of the doctrine of res judicata has been delineated numerous times. If a prior judgment is raised as a complete bar against a second action, both as to the matters actually adjudicated in the first action and as to those matters which could have been raised therein, there must be—as between the actions—identity of parties, of subject matter, and of cause of action. This has been referred to as the doctrine of res judicata, and sometimes, as an estoppel by judgment. Where the parties are the same and the same subject matter is the basis for the action, but there is a different claim or demand, the prior judgment then operates as an estoppel only as to those matters in issue or points controverted therein, and is conclusive only as to those questions actually raised and determined. This is sometimes denominated as an estoppel by verdict. Smith v. Bishop, 26 Ill2d 434, 436, 437, 187 NE2d 217 (1962); Winkelman v. Winkelman, 310 Ill 568, 572, 573, 142 NE 173 (1924); Chas. Ind Co. v. Cecil B. Wood, Inc., 56 Ill App2d 30, 36, 205 NE2d 786 (1965).

■ ■ The present action has, with reference to the prior action, an identity of parties, an identity of subject matter, except for the sum of $500 which the trial court and this court directed the respondent to deliver to the

247

administrator in the prior action, but it involves a different claim or demand—it seeks a judgment in favor of the plaintiff and against the respondent in the sum of $76,500. Thus, the doctrine of res judicata is not applicable. The doctrine of estoppel by verdict operates only as to those matters in issue or points controverted in the first action, and the question of wrongful conversion or possible embezzlement were not at issue and were not determined in the first proceeding by the order of the trial court or by our decision. Consequently, the plaintiff cannot prevail under the doctrine of res judicata or estoppel by verdict.

We affirmed that portion of the order of the trial court which held that the respondent must turn over to the estate the $500 remaining in his possession. However, we did not adjudicate the title to all of the property which the respondent had received from the decedent. The property, other than the $500 was not possessed by the respondent; it had been transferred and delivered to other parties who were not before the court. ██ The citation petition contained no allegations, and no proof was offered that the respondent either embezzled or wrongfully converted the property not in his possession. In fact, the petition indicated that information only was sought with reference to the property which the respondent had transferred. In responding to the issues raised by the petition, the respondent had no notice that a money judgment was sought against him for the value of the property which he had transferred.

Consequently, neither the trial court nor this court could, under these circumstances, properly adjudicate the title to such property; nor could either court determine that the respondent was guilty of wrongful conversion of the property, or of its embezzlement. In re Estate of Garrett, supra, 148, 149; Broberg v. Mann, 66

248

Ill App2d 134, 137, 138, 213 NE2d 89 (1965); Wilson v. Wilson, 56 Ill App2d 187, 194, 205 NE2d 636 (1965).

The issue of whether the property then possessed by respondent—over whom the court had jurisdiction—was received by him from the decedent under some form of trust for the benefit of others, or was in fact received merely as an agent for the decedent, was conclusively determined in the prior adversary proceeding and is binding upon the parties here. Skidmore v. Johnson, 334 Ill App 347, 363–365 incl., 79 NE2d 762 (1948); In re Estate of Stahl, 305 Ill App 517, 531, 27 NE2d 662 (1940); Coon v. McGrath, 273 Ill App 300, 304 (1934). However, such adjudication related only to the sum of $500 which the respondent then possessed.

The issue raised in the prior appeal to this court was that the order of the trial court purported to direct the respondent to turn over property which was no longer in his possession. It, thus, purported to adjudicate property rights with reference to property which the respondent had transferred and delivered to persons not before the court.

Count I of the supplemental petition, and the answer thereto raised questions of fact and law. To date there has been no adjudication of the actual amount, if any, due and owing to the plaintiff, over and above the $500 in question. The answer to the complaint denied that the respondent held the property other than the $500 in trust for George B. Garrett, now deceased, and denied that he transferred and paid out a sum of not less than $76,500. In order to adjudicate these questions, it is necessary that the appropriate issues be raised in the pleadings; and when raised, joined and controverted, such issues should then be determined from the evidence presented at a hearing on the merits of the cause.

In our prior decision (81 Ill App2d 141, 224 NE2d 654), at page 151, we stated:

"The present respondent herein, and any additional parties who are named as respondents in the supplemental petition, shall be given adequate opportunity to answer such petition and to interpose such affirmative defense or defenses as he or they may desire. Upon issue being drawn, the court should then conduct a full hearing on such issues and enter such judgment as may be proper in view of the issues drawn by the pleadings and the evidence adduced.

"For the reasons we have indicated, that part of the order or judgment of the trial court directing the delivery by respondent to the administrator of the properties still within the possession of the respondent, to-wit: the sum of $500 is affirmed; the remainder thereof is reversed and the cause remanded for further proceedings consistent with the views expressed herein, subject to the ultimate factual situation as established by the evidence.

"Affirmed in part and reversed in part, and remanded."

Accordingly, the trial court properly denied the petitioner's motion for judgment on the pleadings as to Count I, and his order denying judgment thereon should be affirmed.

Judgment affirmed.

MORAN, P. J. and ABRAHAMSON, J., concur.