THE PEOPLE *ex rel.* FINITZO BROTHERS, INC., Petitioners-Appellants, *v.* PAUL J. RONSKE *et al.*, Defendants-Appellees.

(No. 71-393;

Second District—April 17, 1973.

Julian R. Wilheim, of Hinshaw, Culbertson, Moelmann, Hoban & Fuller, and Neil Greenbaum, of Gordon, Greenbaum & Browne, both of Chicago, for appellants.

William V. Hopf, State's Attorney, Rathje, Woodward, Dyer & Burt, both of Wheaton, (Malcolm F. Smith, Assistant State's Attorney, of counsel,) for appellees.

Mr. PRESIDING JUSTICE THOMAS J. MORAN delivered the opinion of the court:

The petitioners (plaintiffs herein) appeal from an order dismissing their petition for a writ of *mandamus*.

Plaintiffs filed petitions (numbered 1760 and 1761) with the Du Page County Zoning Board of Appeals requesting a special use permit on two properties. On June 29, 1966, the County Board of Supervisors (hereinafter, the Board), upon recommendation of the Board of Appeals, passed an ordinance authorizing the issuance of the permit. The permit would allow, subject to nine conditions, the construction and operation of multiple-family dwellings on a portion of the Oestmann farm and on the entire Maercker farm, both having been zoned for single-family residences. Certified copies of the ordinance were transmitted by the County Clerk to the County Building and Zoning Department, the plaintiffs' agent, and the State's Attorney.

Thereafter, on July 12, 1966, the Board, without notice to petitioners, recalled the ordinance for reconsideration. A motion was then passed, ordering that the petition be "referred to the Zoning Committee of the

Board of Supervisors　*　*　*　[who would] report back to the County Board."

During the September 27, 1966 meeting of the Board, the following occurred:

> "Supervisor Weeks brought back to the floor an Ordinance passed June 21, 1966, providing a Special Use Permit issued to Gail M. Reingold, Jr. (Maercker Farm—Cases #1760 and #1761), which action had been reconsidered by the Board at the following meeting and then referred back to the Zoning Committee for further study.
>
> Supervisor Weeks moved, seconded by Supervisor Raymond that an amendment to the original motion, 'to limit the number of 3 bedroom or more units to NOT MORE THAN 5 per acre.'　*　*　*　Motion carried."

The plaintiffs were never informed of this action and when they applied for their permit, it was denied. County officials asserted that the September 27th action by the Board did not apply to plaintiffs' petition (the date of June 21, 1966, recited therein, did not correspond with the June 28, 1966 date of the original ordinance, and the name Gail M. Reingold, Jr., did not correspond with any of plaintiffs' names); that the recalled ordinance remained in committee and that the property was therefore still zoned residential.

Plaintiffs filed a declaratory judgment action on November 25, 1966. (The intervening respondents (defendants herein) were allowed to participate in the proceeding.) Plaintiffs' inartfully drawn complaint was not in separate counts for alternate remedies, but it did seek two separate reliefs, one contingent upon the other. It first requested that the court find the action of the Board (in reconsidering and amending the June 28, 1966, ordinance) invalid, and the ordinance, as originally passed, valid. Its second issue, contingent upon the outcome of the first (should the court find the Board's amendatory action valid and the property properly classified as single family), requested that the comprehensive zoning ordinance be declared invalid, both generally, and as applied to plaintiffs' property.

We have been furnished only a portion of the report of proceedings in the declaratory judgment action. That portion, however, reveals that the trial court imposed an election of remedies upon plaintiffs, having determined that their complaint set forth inconsistent remedies. The record does not show that evidence was heard, or action taken, on the first issue raised in the pleadings, but that evidence was heard on the second issue and relief thereon denied. Plaintiffs appealed the order of denial and while the appeal was pending, had it voluntarily dismissed.

In 1969, plaintiffs again requested the County Building and Zoning Department to issue the permit ordained and authorized by the June 29, 1966 ordinance, amended on September 27, 1966. The Department refused the permit stating that the subject property was still zoned for single family residences.

Plaintiffs filed a petition for writ of *mandamus* against the members of the Board and the Director of the County Building and Zoning Department, alleging that the ordinance had been enacted June 29, 1966; that on July 12, 1966, it was reconsidered, later brought back to the floor and passed as amended on September 27, 1966; that the ordinance was still in full force and effect; that despite requests, plaintiffs had been denied the special use permit, and that petitioners have a clear legal right to the permit.

The Board and Director, in their answer, admitted the chronological history of the ordinance but alleged that the ordinance reconsidered on September 27th was not the same as that which governed petitioners' property. It was the Board's and Director's position that the last official act concerning the pertinent ordinance was its reconsideration on July 12, 1966, after which it was referred to the Zoning Committee; that since it has never been brought out from that Committee, the ordinance does not exist.

Defendants were again allowed to intervene. They filed an amended motion to dismiss the petition alleging that, due to the prior declaratory judgment suit, the action was barred under the doctrines of *res judicata,* estoppel by verdict and election of remedies. The trial judge allowed the defendants' motion. The accompanying memo of decision stated that the Board "attempted by resolution to amend the ordinance, an action of which I doubt the validity, as it takes an ordinance to amend an ordinance," but dismissed the petition on the grounds that the prior declaratory judgment suit barred the plaintiffs' *mandamus* action. From this order, plaintiffs appealed; the Board and Director have chosen not to participate.

Since the order appealed must be reversed, we limit our remarks to plaintiffs' contention that the present case is not barred by the prior declaratory judgment action.

■■ One requirement by which a prior proceeding may act as a bar to further litigation under the doctrines of *res judicata* and estoppel by verdict, is that the identical issue litigated in the former proceeding, is again sought to be decided. The burden of proof was on the defendants here to show that the court tried and determined the first issue raised by the plaintiffs in their complaint for declaratory judgment. (See *People ex rel. Chicago & Eastern Illinois R.R. v. Fleming,* 42 Ill.2d 231 (1969);

*Ray Schools—Chicago Inc. v. Cummins,* 12 Ill.2d 376 (1957); *In re Estate of Garrett,* 109 Ill.App.2d 243 (1969).) The record before us contains no such proof and therefore the appealed order cannot be founded upon the doctrines of *res judicata* or estoppel by verdict.

■■ Unfounded, also, is defendants' claim that the doctrine of election of remedies bars plaintiffs from prosecuting the present action. For this doctrine to apply, a litigant must have inconsistent remedies available to him from which he chooses one as the basis for his cause of action. (*People v. Marx,* 370 Ill. 264, 270 (1938).) We hold that plaintiffs' did not plead inconsistent theories and cannot, therefore, be subject to the doctrine of election of remedies. A reading of the declaratory judgment complaint, coupled with the excerpts from the hearing, indicates that plaintiffs first requested a clarification of the existence of the ordinance and then, in the event of an adverse ruling on this point, alternatively requested a decision on constitutional issues.

The portion of the record provided indicates that, prior to hearing on the second issue, plaintiffs' attorney was pressed to answer whether plaintiffs had been "turned down." It is unclear whether "turned down" referred to the Board's refusal to allow a reclassification of the property involved or referred to a refusal on the part of county officers to issue a permit. Defendants take the position that the expression "turned down" indicated an admission that the ordinance did not exist. Such interpretation, however, ignores the fact that the plaintiffs continually stated that there was confusion as to whether the ordinance existed and that they desired a judicial determination on that point.

This court finds that, for the reasons stated, the *mandamus* action is not barred by the prior suit. The order of the trial court is therefore reversed and the cause remanded for further proceedings.

Reversed and remanded.

ABRAHAMSON and SEIDENFELD, JJ., concur.