RHEA COLEMAN, Plaintiff-Appellant, *v.* PAUL COLEMAN, Defendant-Appellee.

First District (5th Division)    No. 77-1322

Opinion filed November 22, 1978.—Rehearing denied January 12, 1979.

James J. Reagan, of Northbrook (Paul R. Jenen, of counsel), for appellant.

James E. Spiotto and William G. Schur, both of Chapman and Cutler, of Chicago, for appellee.

Mr. JUSTICE LORENZ delivered the opinion of the court:

Mary Margaret Stark appeals from an order denying her motion to substitute parties, denying her motion to strike the special appearance of Edwin H. Hakel, executor of the estate of Paul Coleman, and dismissing her petition. On appeal, she contends that these orders were erroneous and unconstitutional denials of her right to a remedy.

The following facts are pertinent to the disposition of this appeal.

On April 12, 1922, a divorce decree was entered dissolving the bonds of matrimony between Paul and Rhea Coleman. That decree awarded custody of the couple's minor daughter, Mary Margaret Coleman, to Rhea, and ordered that Paul pay $100 a month to Rhea as support for herself and Mary Margaret "until the further order of this court." On

December 27, 1940, Rhea filed a petition with the court in which she cited the terms of the 1922 decree and alleged that Paul Coleman had not paid any of the support money which had been ordered. She further alleged that she had secured employment to provide for her support, and that in January 1937, Mary Margaret had become 21 years of age. Rhea therefore stated to the court that:

> "Defendant [Paul Coleman] should not be held responsible under the [divorce] decree entered herein for any support of this petitioner from the month of April, 1922, or for any support for the aforesaid child of the parties hereto from the month of January, 1937, * * * [but] the amount of money that the defendant herein should pay to your petitioner is the sum of EIGHTY NINE HUNDRED AND FIFTY DOLLARS ($8950.00) being ($50.00) DOLLARS per month for the support of the child of parties from April, 1922, up to and including December, 1936, plus ONE HUNDRED AND FIFTY ($150.00) DOLLARS solicitor's fees."

Pursuant to this petition, the court on December 31, 1940, entered a judgment against Paul Coleman in favor of Rhea for $8,950.

On May 9, 1977, Mary Margaret Stark, nee Coleman, filed a petition whose named plaintiff and defendant were, respectively Rhea and Paul Coleman. In this petition, Stark alleged that Rhea Coleman died on August 16, 1969, and that she had been appointed administrator of Rhea's estate. She also cited the terms of the 1922 divorce decree; alleged that after the entry of the decree Paul Coleman fled the State of Illinois and never paid any support to Rhea; and stated that on March 2, 1977, she learned of the death of Paul Coleman and the probating of his estate in Minnesota. She calculated in her petition that under the terms of the 1922 decree, the principal which had accrued "from the period commencing April 1, 1922 and ending August 16, 1969," combined with interest which accrued on that principal at the rate of 6%, amounted to $164,156.50. Mary Margaret Stark therefore prayed that a judgment be entered against Paul Coleman and in favor of Rhea for that amount. Copies of Stark's petition and notice of motion were sent by mail to Edwin H. Hakel, executor of Paul Coleman's estate in Litchfield, Minnesota. Copies were also served upon him by the sheriff of Meeker County, Minnesota. Pursuant to section 20 of the Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, par. 20), Hakel filed a special appearance by and through his attorneys and moved that the court dismiss the action for lack of jurisdiction. Stark filed a motion to strike Hakel's special appearance and an answer to his motion to dismiss, as well as a motion for substitution of parties and for leave to file an amended petition. After Hakel filed a response, a hearing was set for June 23, 1977. Following the hearing, the court entered an order granting Hakel leave to appear specially, denying Stark's motions to strike that special

appearance and to substitute parties, and ordering that the entire matter be dismissed with prejudice. Mary Margaret Stark then filed this appeal.

Opinion

■■ On appeal, Mary Margaret Stark contends that the court's order was erroneous. Edwin Hakel, through his attorneys, initially responds on behalf of Paul Coleman by pointing out that Rhea and Paul Coleman, the named parties in State's petition, are both deceased. He therefore argues that under the rule that a lawsuit brought by or against a deceased party is a nullity and void *ab initio* (*Bavel v. Cavaness* (1973), 12 Ill. App. 3d 633, 299 N.E.2d 435; *Reed v. Long* (1970), 122 Ill. App. 2d 295, 259 N.E.2d 411), the entire action below is a nullity which was properly dismissed. We note, however, that in her petition below, Stark does not claim to be instituting a new action on behalf of or against any deceased party. Her petition, filed below in the circuit court's divorce division, named the same parties and bore the same docket number as did the original 1922 divorce action. The petition alleges that until his death, Paul Coleman never paid any of the support ordered by the 1922 decree. As Stark points out on appeal, an action to collect accrued alimony and child support may be brought against a decedent's estate. (See *In re Estate of Schwarz* (1966), 76 Ill. App. 2d 114, 220 N.E.2d 889.) She therefore argues that her motion to substitute herself as her mother's personal representative should have been allowed, and her petition to collect the alimony and child support which accrued until her mother's death should not have been dismissed. She cites *Fox v. Coyne* (1960), 25 Ill. App. 2d 352, 166 N.E.2d 474, and *Dinet v. Eigenmann* (1875), 80 Ill. 274, as support for her position.

A review of the record in this case reveals that Stark's reliance on *Dinet* and *Fox* is misplaced. In both of these cases, a decree of divorce and an order that the husband pay a certain amount of alimony for support were entered prior to the wife's death. The court in *Dinet* ruled that the amount which the husband had been ordered to pay was a debt to his former wife and, after her death, proceedings for its collection could properly be brought by her administrator or personal representative. In *Fox*, plaintiff's wife died while a temporary order for her support was in effect and the case was still awaiting a final hearing. The court in *Fox* cited and relied on *Dinet* in ruling that the pending action did not abate and the administrator of the deceased wife's estate could be substituted as the party defendant. Fatal to Stark's reliance on this authority are the proceedings instituted by Rhea Coleman in 1940. On December 26 of that year, Rhea filed a sworn petition in which she waived all claims to any alimony under the 1922 divorce decree. She

further requested that a judgment be entered holding Paul Coleman responsible for child support only from the entry of the decree to Mary Margaret Coleman's 21st birthday in January, 1937. Pursuant to this petition the court granted Rhea's request for a judgment of $8,950 as the amount Paul Coleman owed under the terms of the 1922 decree. Until her death in 1969, Rhea apparently took no steps to enforce this judgment. Edwin Hakel, in the motion to dismiss he filed below, cited the 1940 order and moved that Stark's petition be dismissed under section 48 of the Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, par. 48). That statute provides in pertinent part that:

> "(1) Defendant may, within the time for pleading, file a motion for dismissal of the action or for other appropriate relief upon any of the following grounds.
>
> ✳ ✳ ✳
>
> (d) That the cause of action is barred by a prior judgment." Ill. Rev. Stat. 1975, ch. 110, par. 48(1)(d).

◼◼ ◼ Although Stark's petition below failed to mention the existence of the 1940 proceedings, she argues on appeal that they in no way barred the accrual of alimony or child support, or the bringing of her petition. We disagree. Rhea Coleman's 1940 waiver, request for child support through the end of the child's minority, and the resulting judgment, conclusively determined the extent of any monetary obligation Paul Coleman owed to Rhea under the 1922 divorce decree. Any subsequent attempt to relitigate that issue is therefore barred. (See *Landfield v. Howlett* (1974), 23 Ill. App. 3d 885, 320 N.E.2d 356; *People ex rel. Finitzo Brothers, Inc. v. Ronske* (1973), 10 Ill. App. 3d 1012, 295 N.E.2d 497.) Accordingly, Stark's petition seeking to collect alimony and child support which allegedly accrued until 1969 was properly dismissed. Rhea Coleman, and upon her death her estate, has owned the judgment which was entered in 1940. We make no finding on this appeal as to what method, if any, Stark might properly employ at this date to enforce that judgment. Based on the foregoing we conclude, however, that the petition as brought below was improper, and the court's order dismissing it is therefore affirmed.

Affirmed.

MEJDA and WILSON, JJ., concur.