JOHNIE J. RILEY *et al.*, Plaintiffs-Appellants, *v.* WILLIAM SINGER *et al.*, Defendants-Appellees.

Fifth District   No. 77-515

Opinion filed August 28, 1979.—Rehearing denied September 19, 1979.

Mitchell & Armstrong, Ltd., of Marion, for appellants.

James B. Bleyer, of Marion, for appellee The Bank of Egypt.

Norbert C. Garrison, of Garrison & Garrison, of Marion, for appellees William Singer, Marie Singer, Cole Kendrick, and Patricia Kendrick.

Mr. JUSTICE GEORGE J. MORAN delivered the opinion of the court:

Plaintiffs appeal from a summary judgment in favor of the defendants in trial court Cause No. 76—CH—67 and from the dismissal with prejudice of plaintiffs' complaint in trial court Cause No. 77—CH—29. Plaintiffs' appeals from each of these judgments have been consolidated for review by this court.

On December 9, 1976, appellants filed a complaint to quiet title to four lots in Williamson County. Briefly, appellants alleged that they held title under a deed made in 1950 between appellants and E. L. and Alma Lucas, who had purchased the property by tax deeds. The complaint further stated that appellants had been in actual possession of the property and had paid all of the real estate taxes against the property "for a period of more than ten (10) years." Defendants William Singer and Marie Singer also claimed title to the property under a deed issued in 1972 by Katherine Mitchell, the widow of the person who held title to the property prior to the 1947 tax transfer to the Lucases. The Singers conveyed all or part of their interest to defendants Cole and Patricia Kendrick in 1976. The Kendricks' alleged title was subject to a mortgage held by the defendant Bank of Egypt.

December 28, 1976, the Bank of Egypt filed a motion attacking appellants' complaint. On March 4, 1977, the trial court granted in part and denied in part the bank's motion, and appellants were granted leave of court to amend their petition. Appellants filed their amended complaint to quiet title on March 17, 1977. On March 18, 1977, the Bank of Egypt filed an answer to the amended complaint, a motion for summary judgment and the affidavit of Curtis E. Palmer, a land title abstractor. Palmer's affidavit indicated that the Lucas tax title was issued in 1947, but not recorded until 1951; that the real property taxes on Lots 3 and 4, upon which defendant Bank of Egypt held the mortgage, had been forfeited for the years 1950 through 1970; and, that appellant had paid current taxes in the years 1971 through 1975, and had paid all back taxes in 1972. Defendant Singer also paid the current 1971 property taxes, and paid current taxes in the years 1973 through 1975, apparently duplicating appellants' payments for those years.

On March 22, 1977, defendants Singers and Kendricks filed a motion for summary judgment alleging that appellants' grantors were without title to convey to appellants at the time the 1950 deed was executed due to their failure to file their tax deed within the one year time limit required by section 752 of the Revenue Act of 1939 (Ill. Rev. Stat. 1975, ch. 120, par. 752). The court granted both motions for summary judgment on September 1, 1977, and entered judgment in favor of defendants Singers and Kendricks and against plaintiffs for all of the relief sought in the

amended complaint to quiet title. At that time plaintiffs orally moved but were denied leave to amend their complaint. The court further ordered that no just reason existed to delay enforcement or appeal.

On September 19, 1977, appellants filed their notice of appeal as well as another suit to quiet title. The complaint in that suit alleged that appellants had been in open, continuous, adverse and notorious possession of the property since 1950, and that their grantors had been in open and notorious possession since 1944. The complaint reiterated the series of conveyances described in the original complaint and prayed for relief under section 1 of the Limitations Act (Ill. Rev. Stat. 1975, ch. 83, par. 1), as title holders by adverse possession. On September 28, 1977, the Bank of Egypt filed a motion to dismiss alleging that the issues raised by appellants' second complaint were resolved or could have been resolved by the judgment entered in the cause, and that appellants were barred from bringing the second action. Defendants Singers and Kendricks filed a substantively identical motion on September 30, 1977. The court granted defendants' motions on November 17, 1977, and dismissed appellants' second complaint with prejudice.

Plaintiffs contend that their amended complaint raised issues of facts sufficient to allege a cause of action under both sections 1 and 6 of the Limitations Act, which provide as follows:

§6. Every person in the actual possession of lands or tenements, under claim and color of title, made in good faith, and who shall for seven successive years, continue in such possession, and shall also, during said time, pay all taxes legally assessed on such land or tenements, shall be held and adjudged to be the legal owner of said land or tenements, to the extent and according to the purport of his or her paper title. All persons holding under such possession, by purchase, devise or descent, before said seven years shall have expired, and who shall continue such possession, and continue to pay the taxes as aforesaid, so as to complete the possession and payment of taxes with the term aforesaid, shall be entitled to the benefit of this section." Ill. Rev. Stat. 1975, ch. 83, par. 6.

§1. No person shall commence an action for the recovery of lands, nor make an entry thereon, unless within twenty years after the right to bring such an action or to make such entry first accrued, or within twenty years after he or those from, by or under whom he claims, have been seized or possessed of the premises, except as now or hereafter provided in subsequent sections of this Act." Ill. Rev. Stat. 1975, ch. 83, par. 1.

■■ While the general rule is that pleadings are to be construed liberally and, if on the facts alleged and reasonable inferences therefrom, there is demonstrated any possibility of recovery, the order of dismissal must be

vacated (*Conyers v. Molloy* (1977), 50 Ill. App. 3d 17, 364 N.E.2d 986), we do not believe that plaintiffs' pleading alleged with sufficient clarity the necessary elements of another cause of action under section 1. Defendant Bank of Egypt's affidavit clearly established that the payment of the taxes did not exist concurrently without interruption throughout the same seven years as required by section 6. (*Gochenour v. Logsdon* (1940), 375 Ill. 139, 30 N.E.2d 666.) Plaintiffs failed to submit a counter affidavit to refute this claim or to show that a separate cause of action existed under section 1. *Empire Moving & Warehouse Corp. v. Hyde Park Bank & Trust Co.* (1976), 43 Ill. App. 3d 991, 357 N.E.2d 1196.

■■ In determining if there is a genuine issue of material fact, inferences may be drawn from the facts which are not in dispute. Thus, if fair-minded persons could draw different inferences from the facts, a triable issue exists and a motion for summary judgment must be denied. It is only when the undisputed facts are susceptible of but a single inference that the issue becomes one of law. (*Peirce v. Conant* (1964), 47 Ill. App. 2d 294, 198 N.E.2d 555.) Here the undisputed facts as ascertained from the affidavit are merely that the tax deed was void for failure to record in time and that back taxes were paid by plaintiffs in 1972. The only inference to be drawn is that the taxes were not paid concurrently with the actual possession. It is not feasible to infer from these facts 20 years of adverse possession and thus a good cause of action under section 1.

■■ If a good cause of action is stated, although not the one intended by the plaintiffs, a motion to dismiss does not lie. (*Rosenberg v. Packerland Packing Co.* (1977), 55 Ill. App. 3d 959, 370 N.E.2d 1235.) Here, however, a good cause of action has not been stated. We therefore conclude that the trial court properly granted defendants' motions for summary judgment in Cause No. 76—CH—67.

■■ Nevertheless, the extreme nature of the summary judgment remedy requires the court to exercise an extraordinary degree of diligence in its review of the record before it, comparable to that required of the court in ruling on a motion for judgment on the pleadings. (See *Pollack v. Marathon Oil Co.* (1976), 34 Ill. App. 3d 861, 341 N.E.2d 101.) This is particularly true in cases such as this, where the motion for summary judgment was used as a device for attacking the complaint and the decision to proceed in this manner rather than to move for judgment on the pleadings was tactical rather than procedurally required. We note that at the August 31, 1977, hearing plaintiffs requested but were denied leave to amend their complaint. As no transcript of this hearing appears in the record on appeal, we may only speculate as to whether or not plaintiffs informed the court of their new theory of recovery, that its, adverse possession as provided in section 1 of the Limitations Act (Ill. Rev. Stat. 1975, ch. 83, par. 1). However, it is clear from the record that on

September 19, 1977, well within the 30-day period for vacating judgments (Ill. Rev. Stat. 1975, ch. 110, par. 68.3), plaintiffs filed in the same court a new suit in which they specifically cited the above-mentioned statute as a basis for recovery. It may well have been appropriate for the trial court at that time to have vacated its earlier denial for leave to amend. Certainly in the analogous situation of judgments on the pleadings courts must determine if, in any event, plaintiff would be able to amend his complaint to state a cause of action. (*Pollack v. Marathon Oil Co.*) However, since that issue is not properly before us, we turn to a consideration of the court's dismissal of plaintiffs' subsequent suit in Cause No. 77—CH—29.

■■ On September 28, 1977, defendant Bank of Egypt filed a motion to dismiss plaintiffs' complaint in Cause No. 77—CH—29. Defendants William and Marie Singer and Cole and Patricia Kendrick filed a similar motion two days later. These motions asserted principles of res judicata as grounds for dismissal of the complaint. In order for a prior judgment to be raised as a complete bar against a second action, both as to the matters actually adjudicated in the first action and as to those matters which could have been raised therein, there must exist between the actions an identity of parties, of subject matter, *and of cause of action.* (*In re Estate of Garrett* (1969), 109 Ill. App. 2d 243, 248 N.E.2d 539.) The *Garrett* court concluded that where the parties are the same and the same subject matter is the basis for the action, but there is a *different claim or demand,* the prior judgment then operates as an estoppel only as to those matters in issue or points controverted therein, and is conclusive only as to those questions actually raised and determined. Likewise in *Cheevers v. Stone* (1956), 10 Ill. App. 2d 39, 134 N.E.2d 32, the court said that where a judgment deals with the validity of the first proceedings such judgment would be *res judicata* to a subsequent action raising the same issues. The court reasoned that what had been adjudicated in the prior proceedings depended upon what issues had been presented to the trial court. *Douglas v. Papierz* (1970), 121 Ill. App. 2d 242, 257 N.E.2d 570.

■■ In this case the only issues determined in the prior action were the nullity of the tax deed and the payment of back taxes, neither of which has an effect on the subsequent action in adverse possession. Furthermore, the inclusion in the court's order of the phrase "no just reason [exists] for the delay in the enforcement of or appeal from this Judgment Order" (Ill. Rev. Stat. 1975, ch. 110A, par. 304) reinforces our conclusion that the court itself did not consider all issues to have been fully resolved. It is clear that the mere fact that the same relief is sought in two actions does not make the causes of action identical within the doctrine of *res judicata.* 46 Am. Jur. 2d *Judgments* §412 (1969).

"In the application of the doctrine of res judicata, if it is doubtful whether a second action is for the same cause of action as the first,

a test commonly applied is to consider the identity of facts essential to their maintenance, or whether the same evidence would sustain both. Under this test, if the same facts or evidence would sustain both, the two actions are considered to be on the same cause of action, within the rule that the judgment in the former is a bar to the subsequent action; if, however, the two actions rest upon different states of facts, or if different proofs would be required to sustain the two actions, a judgment in one is no bar to the maintenance of the other. It has been said that this method is the best and most accurate test as to whether a former judgment as a bar in subsequent proceedings between the same parties, and it has even been described as infallible.

\* \* \* That the evidence in both actions is in part the same does not establish identity of cause of action where the subject matter is essentially different. It has also been declared that the mere fact that the same evidence may be admissible under the pleadings in each action is not necessarily controlling." 46 Am. Jur. 2d *Judgments* §410.

■■ For the foregoing reasons we hold that the court erred in dismissing with prejudice the plaintiffs' complaint in Cause No. 77—CH—29. Accordingly, the summary judgment in Cause No. 76—CH—67 is affirmed, the dismissal with prejudice in Cause No. 77—CH—29 entered by the circuit court of Williamson County is reversed and the cause is remanded for further proceedings consistent with this opinion.

Affirmed in part, reversed in part, and remanded.

JONES, P. J., and KARNS, J., concur.