DAN M. ANDRE *et al.*, Plaintiffs-Appellants, *v.* BLACKWELL ELECTRONICS INDUSTRIAL CO. LTD. *et al.*, Defendants-Appellees.

(No. 55778;

First District—September 21, 1972.

Ralph A. Mantynband and Malcolm S. Kamin, both of Arvey, Hodes & Mantynband, of Chicago, for appellants.

Robert L. Austin, of Pendleton, Neuman, Williams & Anderson, of Chicago, for appellees.

Mr. PRESIDING JUSTICE McGLOON delivered the opinion of the court:

This is an appeal from an order of the Circuit Court dismissing plaintiffs' complaint pursuant to defendant Sidney Neuman's motion under Section 48 of the Civil Practice Act. (Ill. Rev. Stat. 1969, ch. 110, par. 48.) The grounds asserted in defendant's motion to dismiss, which grounds plaintiffs argue are without legal basis, are as follows: The cause of action is barred by a prior judgment of the United States District Court (N.D. Illinois); this prior judgment serves to collaterally estop plaintiffs from pursuing their cause of action; plaintiffs' cause of action merged in the prior Federal judgment; plaintiffs are attempting to improperly split their causes of action; plaintiffs improperly refused to prosecute an appeal from the Federal Court judgment; plaintiffs' action is barred by laches; plaintiffs' cause of action must be dismissed as a

matter of equity. Defendant Sidney Neuman reasserts before this Court the correctness of the above grounds as a basis for dismissal under Section 48, and argues additionally that the complaint failed to state a cause of action against him individually in that he was never a party to the agreement in dispute, and acted only as an attorney for some of the parties to that agreement.

We reverse and remand.

In 1966 the plaintiffs brought a suit in the United States District Court for the Northern District of Illinois seeking a preliminary injunction and damages against Blackwell Electronics Industrial Co. Ltd., Kuroi Electrical Industrial Company, and Hisashi Kuroi (hereinafter referred to as "the Japanese defendants"). The Japanese defendants were represented in that matter by Sidney Neuman, an attorney, the additional defendant in the case before us. In the Federal complaint the plaintiffs alleged that the Japanese defendants had contracted to manufacture various lamps which were to be imported and distributed by Universal Lamp Company and Andre & Co., Inc. One count alleged breach of warranty of quality, the second alleged that the Japanese defendants had converted certain tools, jigs and dies, used in the manufacture of the lamps, but owned by Andre, in that they used them to manufacture lamps for sale to others. The third count alleged that the Japanese defendants had engaged in deceptive trade practices.

On February 21, 1967, Judge Julius Hoffman ordered a preliminary injunction to issue which restrained the Japanese defendants from further use of the tools, dies and jigs and from selling lamps manufactured from that equipment.

Extensive negotiations were then entered into between plaintiffs and Sidney Neuman. These negotiations resulted in an agreement entered into between the parties on December 8, 1967, which was signed by Dan M. Andre for the plaintiffs and Sidney Neuman for the defendants. The agreement provided for the payment of $25,000 to Andre, and for the waiver and release of all rights which the Japanese defendants had in certain patents and patent applications being prosecuted by or for them in the United States. In addition it provided that the Japanese defendants would waive certain of their Japanese patents.

The agreement also recited:

> "The aforesaid agree to execute such other and further documents as may be necessary to carry out the intent of this Agreement. For the purpose of executing any such documents, Sidney Neuman is and shall be designated as the agent and attorney in fact for each of the foregoing named defendants."

The agreement concluded:

"SIDNEY NEUMAN represents and warrants that he has authority to execute *this* document on behalf of BLACKWELL ELECTRONICS INDUSTRIAL CO., LTD., KUROI ELECTRICAL INDUSTRIAL COMPANY and HISASHI KUROI." (Emphasis added.)

The check for $25,000 was tendered to the plaintiffs on December 8, and on December 12 plaintiffs moved that the Federal suit and injunction be dismissed with prejudice as stipulated to in the agreement.

In June of 1968 documents entitled "Release and Ratification" were tendered by the Japanese defendants but were rejected by plaintiffs. This rejection was due to the fact that they contained a "consent" which would have allowed the Japanese defendants access to Universal Lamp Co., a Japanese subsidiary of Andre. This access was to be afforded for the purpose of assuring the Japanese defendants that lamps made at Universal were only being exported to the United States, since their production was allowed due to the waiver by the Japanese defendants of their Japanese patents.

Plaintiffs refused to sign this "consent" and on August 22, 1968, plaintiffs, through their attorney, served documents upon Sidney Neuman which did not include the "consent" and requested that he sign them. This he refused to do until further instructed by his clients. Plaintiffs then pursued their American patent cases, allegedly incurring as a result thereof, damages in extent of $35,000.

In November of 1968 the plaintiffs brought a motion in the Federal District Court under Rule 60(b) of the Federal Rules of Civil Procedure in which they petitioned the court to vacate its order dismissing the 1966 lawsuit with prejudice. As a basis for this motion the plaintiffs argued that the judgment was obtained through the fraudulent representation by Neuman that he had authority to act in behalf of the Japanese defendants. The parties filed affidavits and memoranda of law in support of their respective positions, and on November 22, 1968, Judge Hoffman denied the motion saying in part:

"The plaintiffs accuse defendants' counsel of fraud and misrepresentation in that he thus failed to tender documents wholly in accord with his earlier representation.

These are serious charges against defendants' counsel. Nevertheless they do not persuade the court that the judgment entered nearly one year ago should be set aside. The plaintiffs must show that it is inequitable for the defendants to retain whatever benefit they have received under the judgment because fraud or misrepresentation allegedly led to its entry. That showing is absent here * * *."

Although this ruling was appealed, the appeal was voluntarily dismissed on February 28, 1969.

On December 1, 1969, plaintiff filed a complaint in the Circuit Court of Cook County alleging that because the Japanese defendants refused to waive and release their patent rights in pursuance with the December 8 agreement, plaintiffs were forced to litigate those rights in the United States Patent Office and thereby sustained damages in the amount of $35,000; that defendants conspired among themselves to deceive plaintiffs; that Sidney Neuman falsely represented that he had authority to act for the Japanese defendants; and that, as a result of these latter two allegations, plaintiffs changed their position to their detriment and should be awarded $100,000 in punitive damages.

The Japanese defendants were never served with Illinois process. Defendant Neuman, by himself, filed a motion under Section 48 of the Civil Practice Act setting forth the grounds set out, *supra,* as his basis for asking that the lawsuit be dismissed. After having considered the pleadings, motions, affidavits and memoranda filed on the matter, the Circuit Court entered an order nonsuiting the Japanese defendants and dismissing the complaint against defendant Neuman with prejudice. It is from that portion of the order of the Court Court dismissing Neuman which plaintiffs are here appealing. Sidney Neuman is the only defendant appearing before this Court.

Defendant's Section 48 motion can be analyzed as encompassing two main themes: First, plaintiffs' cause of action is barred by a prior judgment (Ill. Rev. Stat. 1969, ch. 110, par. 48[d]); and second, the cause of action is barred by other affirmative matters avoiding the legal effect of, or defeating the claim or demand. (Ill. Rev. Stat. 1969, ch. 110, par. 48[i].) The former would include defendant's various arguments of *res judicata,* collateral estoppel, merger of causes of action, splitting of causes of action, and election of remedies. The latter would include defendant's arguments of *laches,* that plaintiffs improperly dismissed their Federal appeal, and that the Illinois complaint should be dismissed as a matter of equity.

■■ In order to discuss those arguments falling under Section 48[d], we must first inquire as to what transpired before Judge Hoffman, and more importantly, what was the effect of this denial of plaintiffs' motion under Federal Rule 60(b). A careful examination of the record before us leads us to conclude that Judge Hoffman at no time made a decision on the merits of the grounds alleged in the plaintiffs' Rule 60(b) motion. This is apparent from the language used by the Court in denying the motion, relevant portions of which are set out above. Furthermore, in commenting upon the precise issue of Neuman's alleged fraud, Judge

Hoffman remarked: "I express no opinion about the truth or falsity of the allegation." A judge sitting to hear a Rule 60(b) motion is vested with discretion to determine whether relief should be properly awarded. This discretion must take into account, among other things, the desirability of not lightly disturbing final judgments and a consideration of whether the relief requested would best serve the ends of justice. 7 Moore, Federal Practice Sec. 60.19.

Judge Hoffman found that the grounds alleged in the motion were insufficient, when weighed against these other factors, to support a vacating of the judgment. When a court considers that there are not sufficient grounds present to support the relief asked, it need not go further to decide the merits of the grounds urged. *Locklin v. Switzer Bros. Inc.* (7 Cir., 1964), 335 F.2d 331.

■■ Although defendant takes great pains to point out the similarity of content between plaintiffs' motion under Rule 60(b) and their complaint filed in the Circuit Court, mere similarity in pleadings is not determinative of the issue of *res judicata*. Rather, before *res judicata* can be applied, there must be a showing that a matter was judicially disposed of on the merits. (*Fraley v. Boyd* (1967), 83 Ill.App.2d 98, 226 N.E.2d 81; 50 C.J.S. Judgments, sec. 696.) Because we have concluded that Judge Hoffman made no finding on the merits of the grounds alleged in the Rule 60(b) motion, its denial is without binding effect upon a suit filed in the Circuit Court, and *res judicata* or collateral estoppel are not applicable theories in bar thereof.

■■ Nor can there be a merger in this instance, for not only was there no judgment on the merits, but a proceeding under Rule 60(b) and a suit for breach of contract, conspiracy and fraud are obviously different causes of action. Merger is properly applied only when a plaintiff with one cause of action, which is amenable to various remedies, unsuccessfully attempts to pursue one remedy and thereafter attempts another. *United States v. Temple* (7 Cir. 1962), 299 F.2d 30; 46 Am.Jur.2d § 385.

■■ Neither is there a splitting of causes of action which occurs only when a party litigates his cause of action by parts in different proceedings. (*Menconi v. Davison* (1967), 80 Ill.App.2d 1, 225 N.E.2d 139.) Because the causes of action brought in the Circuit Court had not been previously sued upon, they cannot have been split.

■■ The first of defendants' arguments under Section 48(i) which we will consider is that of *laches*. Defendant argues that because plaintiffs were aware of defendant's alleged fraud as early as June of 1968, when they waited some 19 months to file their cause of action, *laches* became available to defendant as a defense. Defendant places strong reliance upon the case of *Schoenbrod v. Rosenthal* (1962), 36 Ill.App.2d

112, 183 N.E.2d 188, wherein this Court defined *laches* as follows:

"Laches is the neglect to assert a right or claim which, taken together with a lapse of time *and circumstances causing prejudice to the opposite party,* will bar a complaint in equity." 36 Ill.App.2d at 120. (Emphasis added.)

However, defendant has made no demonstration that he has been prejudiced by plaintiffs' delay in filing their action. This fact, coupled with plaintiffs' plausible justification for the delay (*i.e.,* awaiting the results of pending patent litigation and disposition of their Rule 60(b) motion) operates to defeat the defense of *laches.*

■■ Defendant has also argued that plaintiffs' failure to prosecute their appeal of Judge Hoffman's ruling on the Rule 60(b) motion should preclude them from litigating their complaint in our courts. Although failure to prosecute the appeal would prejudice any attempt of plaintiffs to seek Rule 60(b) or equivalent relief, we find absolutely no reason why it should endanger plaintiffs' position in our courts. It is irrelevant to the issues alleged in the complaint.

■■ Defendant further argues that plaintiffs' complaint should be dismissed as a matter of equity. The gist of this argument appears to be that plaintiffs cannot sue for damages after accepting certain benefits under the December 8 agreement, namely the check for $25,000 and the waiver of the Japanese patents. Under this portion of his argument defendant also reiterates his earlier arguments under the broad area of *"res judicata"* which we feel that we have sufficiently addressed ourselves to above. The fact that plaintiff has accepted certain benefits under the agreement does not govern the issue of whether a suit for breach of the agreement can properly be brought. If anything, it is relevant as evidence on the issues of performance, breach and the final determination of damages, if any.

■ The final argument offered by defendant Sidney Neuman which we need consider is that the complaint fails to state a cause of action against him. Although this argument is made, we hold that it is improperly raised on appeal. It is the granting of a Section 48 motion to dismiss which is being appealed, whereas this latter argument addresses itself to Section 45 of the Civil Practice Act. It is a fundamental principle of law that a party cannot raise on appeal issues not raised below. See, *People v. McAdrian* (Ill.App.Ct., 1971), 273 N.E.2d 273.

For this reason, we are reversing and remanding for further proceedings not inconsistent with this opinion.

Judgment reversed and remanded.

DEMPSEY and McNAMARA, JJ., concur.