WILLIAM PALYA *et al.*, Plaintiffs-Appellants, *v.* WILLIAM PALYA, Defendant-Appellee.

Third District    No. 79-891

Opinion filed August 14, 1980.

Eugene P. Daugherity, of Myers & Daugherity, of Streator, for appellants.

Gerald A. Drendel and Judith Z. Kelly, both of Drendel & Kelly, of Streator, for appellee.

Mr. JUSTICE STOUDER delivered the opinion of the court:

This is an appeal by plaintiffs, William and Dean Palya, from an order of the circuit court of La Salle County dismissing their complaint against defendant, William Palya, Sr., on the ground that the action was barred by the doctrine of *res judicata*. The present complaint stems from a divorce between the defendant and Bona Palya Davis. The plaintiffs are the children of defendant and Bona Palya Davis. The parents were divorced June 21, 1971. The decree of divorce provided that certain silver coins approximately valued at $3,800 were to be kept by defendant and preserved and maintained in his care and custody for the use and benefit of the minor children, the plaintiffs here, to be used primarily for the plaintiffs' education or such other uses as might be necessary.

Prior to September 7, 1978, Davis filed a petition in the divorce action to modify the decree to increase child support and for an order directing the father to turn over to the children the silver coins which he held for their use and benefit. On September 7, 1978, an order was entered which contained a representation by defendant that the coins had been sold six years earlier and ordered defendant to turn over to Davis $3,800 plus 5½% interest. This was pursuant to Davis' petition seeking a turnover of the funds for the use and benefit of the plaintiffs. Defendant subsequently gave Davis $5,525 in lieu of the coins. Plaintiffs subsequently filed the instant action for an accounting against defendant. The action was dismissed on defendant's motion on the grounds the order in the divorce action of September 7, 1978, barred and estopped prosecution of the accounting action.

On appeal, plaintiffs raise three issues: (1) whether plaintiffs' action for accounting is barred by the order in the divorce action; (2) whether the order in the divorce action estops them from proceeding in the accounting action; and (3) whether the order in the divorce proceeding is void and therefore has no effect for estoppel purposes. We affirm.

■■ We initially examine plaintiffs' contention that the order in the divorce proceeding is void. If it is, then obviously it will not bar or estop plaintiffs from bringing this action. Plaintiffs argue that the order was beyond the jurisdiction of the court because property rights determined in a divorce become vested after 30 days and the court is without jurisdiction to modify them. While this statement is true, it is inapplicable to the instant case. In the

case at bar, the decretal court was not modifying the disposition of the parties' property. The defendant was merely custodian for the coins. The order of September 7, 1978, merely transferred custody of the coins from defendant to the plaintiffs. Because defendant no longer had the coins, the court ordered him to give the plaintiffs the value of the coins as of the date of the decree plus interest. In so doing, the court was not modifying the property settlement but merely enforcing its decree, an order clearly within its jurisdiction. (*Brickey v. Brickey* (1976), 44 Ill. App. 3d 563, 358 N.E.2d 406.) Therefore, the order in the divorce action is not void.

Having decided that the order was not void, we must now determine whether it serves to bar or estop the instant action. We believe the doctrine of *res judicata* serves to bar the instant action. The doctrine of *res judicata* is based on requirements of justice and public policy and reflects a public policy that requires an end to litigation after each party has had a full opportunity to present all pertinent facts. (*City of Elmhurst v. Kegerreis* (1945), 392 Ill. 195, 64 N.E.2d 450.) The elements which must be present to invoke *res judicata* are identity of parties, subject matter and cause of action. *In re Estate of Garrett* (1969), 109 Ill. App. 2d 243, 248 N.E.2d 539.

■■ Plaintiffs argue that there is no identity of parties because mother brought plaintiffs' the initial action and they are bringing the instant action. They claim that since they were not formally parties to the prior action, *res judicata* cannot be invoked to bar the present action. We disagree. It is a maxim that in an equitable action, the court looks to substance and not form. (*Pope v. Pope* (1972), 7 Ill. App. 3d 935, 289 N.E.2d 9.) The plaintiffs' mother was bringing the action on their behalf. She was bringing suit to have the coins which were to be used for plaintiffs' benefit turned over to them. Since she had no interest in the coins, she could not have been bringing suit on her own behalf and had to be bringing it on plaintiffs' behalf. She brought the suit to protect their rights. To permit plaintiffs to relitigate the issue on the ground they were not formally made parties to the previous action would be to elevate form over substance. The plaintiffs were in fact the parties in interest in the previous action just as they are the parties in interest in the present action. To adopt plaintiffs' approach would mean that every action in a proceeding for dissolution of marriage would be subject to the threat of interminable litigation. Under plaintiffs' approach, children of parents dissolving their marriage would be able to reopen the proceeding if dissatisfied with the parents' and court's agreement concerning them. The courts, in handling such proceedings must look to the children's best interests. This guarantees that they will be protected. To permit them to reopen litigation where their rights have been adequately protected would contravene the policy of judicial economy as well as the policy that there should be an end to litigation. In the instant

case, the plaintiffs' mother had the opportunity to introduce all the evidence needed to protect the plaintiffs' rights. Therefore, we hold that where the mother brings suit to protect the children's rights the children are barred by *res judicata* from relitigating the same cause of action concerning the same subject matter.

■■ Since the subject matter in both actions is the same, *i.e*, the coins, the only remaining issue is whether the cause of action is the same in each suit. In determining the identity of the cause of action, the test to be applied is whether there is identity of facts essential to the maintenance of both cases or whether the same evidence would sustain both actions. (*Kahler v. Don E. Williams Co*. (1978), 59 Ill. App. 3d 716, 375 N.E.2d 1034.) The relief sought in the petition to modify the divorce decree and in the complaint for an accounting is the same. In the petition, the plaintiffs' mother sought to have the coins turned over to her for plaintiffs' benefit. When it was discovered defendant had sold the coins, their value plus interest was turned over. Whether any improprieties existed at that time was explored. Thus, the questions raised in the accounting action, the fate of the coins, and any improprieties in defendant's selling them were explored in the petition to modify the divorce decree. Plaintiffs' complaint does not allege the creation of a trust, that defendant's investment of the proceeds from the sale were improper or that a fraud was committed on the plaintiffs. Therefore, we believe the facts essential to the accounting action were essential to the prior petition and that there is an identity of cause of action.

Because all the elements of *res judicata* are present, we affirm the order of the circuit court of La Salle County dismissing plaintiffs' complaints.

Affirmed.

ALLOY, P. J., and BARRY, J., concur.