THE VILLAGE OF NORTHBROOK, Plaintiff-Appellant, *v.* THE COUNTY OF COOK *et al.*, Defendants-Appellees.—(NORTHBROOK TRUST AND SAVINGS BANK, Trustee, Intervening Defendant-Appellee.)

First District (3rd Division)   No. 79-66

Opinion filed September 10, 1980.—Rehearing denied October 15, 1980.

Frederic O. Floberg, Clifford L. Weaver, and David T. Hejna, all of Ross, Hardies, O'Keefe, Babcock & Parsons, of Chicago, for appellant.

Jay A. Canel, Theodore J. Novak, and Don E. Glickman, all of Rudnick & Wolfe, and Bernard Carey, State's Attorney, of Chicago (Paul B. Biebel and Morris Alexander, Assistant State's Attorneys, of counsel), for appellees.

Miss PRESIDING JUSTICE McGILLICUDDY delivered the opinion of the court:

The Village of Northbrook (Village) appeals from an order of the Circuit Court dismissing its action against the County of Cook (County), William F. Harris, building commissioner of Cook County, Lena Bruno, zoning administrator of Cook County, and Sydney R. Olsen, recorder of deeds of Cook County. The Village sought a declaration that the County's zoning classification of a certain parcel of property (subject property) was invalid and that the Village's subdivision regulations applied to the development of the property. Northbrook Trust and Savings Bank (Northbrook Trust), the legal titleholder of the subject property, petitioned the court for leave to intervene and filed a motion to dismiss the complaint alleging the action was barred under the doctrines of res judicata

and estoppel by verdict. The County joined in the motion to dismiss. The trial judge allowed the intervention and dismissed the Village's complaint finding all the issues were barred by the judgment in a prior case involving the Village, County and Northbrook Trust. *Northbrook Trust & Savings Bank v. County of Cook* (1977), 47 Ill. App. 3d 879, 365 N.E.2d 433, *appeal denied* (1977), 66 Ill. 2d 631, *cert. denied* (1978), 434 U.S. 1069, 55 L. Ed. 2d 771, 98 S. Ct. 1249.

The subject property, which is contiguous to the corporate limits of the Village of Northbrook, is located at the northwest corner of Willow Road and Shermer Road in unincorporated Cook County. It consists of approximately 17.9 acres.

The prior action was brought by Northbrook Trust against the County after its application to change the zoning classification of the subject property from R-3 single-family residence district to B-4 general service district with a special use of a planned development was denied. Northbrook Trust sought to develop the subject property by building a shopping center and 31-unit multifamily development.[1] Northbrook Trust alleged that the R-3 zoning classification of the subject property was constitutionally invalid. The Village and various other parties intervened as defendants. The trial court declared the Cook County zoning ordinance to be unconstitutional as applied to the subject property and included in its order the following:

> "B. That the plaintiffs, or any person claiming by, through or under them, are entitled to use the subject property for a general service planned development in substantial compliance with the plans submitted in evidence in this cause.
> C. That the County of Cook, and its agents, servants and employees and each and every one of them, and the intervenor-defendants, their agents, servants and employees and each and every one of them, be and they are hereby enjoined from enforcing the provisions of the Zoning Ordinance of the County of Cook insofar as said ordinance prevents the use of the subject property as aforesaid, and further the County of Cook is directed to issue to the plaintiffs or their successors in title, upon proper application and upon compliance with all applicable codes and all necessary permits and licenses for the erection of a general service planned development in the manner herein provided, and that they be further enjoined from interfering with the plaintiffs and all persons claiming by, through

---

[1] For a full description of the proposed development, see *Northbrook Trust & Savings Bank v. County of Cook.*

and under them, from utilizing the subject property as hereinabove decreed to be their right."

This order was affirmed on appeal. *Northbrook Trust & Savings Bank v. County of Cook.*

Subsequent to the decision of the trial court but prior to the decision of this court, the County adopted a comprehensive amendment to its zoning ordinance. Under the amendment, the subject property was reclassified to C-4 general commercial district subject to a special use and R-6 high density residential district subject to a special use. It is this zoning ordinance that the plaintiff in the instant case seeks to have declared invalid but only insofar as it reclassifies the subject property to permit the proposed development by Northbrook Trust.

On appeal the plaintiff argues that its action should not have been dismissed because: (1) the Village is entitled to have its full day in court and (2) Northbrook Trust is estopped from raising the doctrine of res judicata because both count I and count II of the present action are completely different from the cause of action in the prior suit.

The Village contends that it was not permitted the full rights of a party to the cause of action in the prior suit. Specifically, the Village states that it was denied the right to cross-examine adverse witnesses introduced by Northbrook Trust because the assistant State's attorney, representing the County, conducted all cross-examination. The Village contends that, as a result of this limitation, it was denied a truly adversary proceeding.

The Village relies on *Albini v. Stanco* (1968), 61 Misc. 2d 813, 306 N.Y.S.2d 731, but we find that case distinguishable. In *Albini* the plaintiff had been voluntarily dismissed out of a prior action in which he was a defendant, leaving his co-defendant, a municipality, to defend the validity of a zoning amendment. While this lawsuit was pending, there was a change in administrations and the municipality notified Albini that his building permit, which had been issued in accordance with the zoning amendment, was being revoked. Albini commenced his own action against the municipality seeking a declaratory judgment that the zoning amendment and his permit were valid. Thereafter a decision in the first lawsuit was rendered finding the zoning amendment invalid. Albini's subsequent lawsuit was not barred by the doctrine of res judicata because the court found Albini was not a party or privy to a party and had been diametrically opposed to the parties in the prior action. Notwithstanding res judicata implications, the court held Albini was entitled to his day in court since the prior proceeding had not been in any sense an adversary proceeding.

■■ In the case at bar the Village intervened as a party-defendant in the prior suit and remained a party throughout the trial and appeal. Furthermore, the County remained aligned with the Village and defended the

validity of the R-3 zoning classification of the subject property throughout the prior trial. The County did not adopt the amended zoning ordinance which would allow the planned development by Northbrook Trust until January 1976, approximately six months after the trial court entered its final judgment order ruling against the defendants. The Village's present complaint admits that the County actively defended its position during the trial and "maintained at all times the unreasonableness of the requested rezoning" and actively prosecuted the appeal of the matter at least until January 19, 1976. For these reasons we fail to see how the Village can now contend that it was denied a truly adversary proceeding in the earlier litigation.

■■ We also reject the Village's argument that it was improperly denied the right to cross-examine adverse witnesses in the prior action. Such an error cannot be asserted in the present proceeding since it is clearly a collateral attack upon the prior ruling. (See *People ex rel. White v. Busenhart* (1963), 29 Ill. 2d 156, 193 N.E.2d 850.) The proper avenue to address such an error was through direct appeal of the prior suit.[2] *City of Chicago v. Harris Trust & Savings Bank* (1977), 56 Ill. App. 3d 651, 371 N.E.2d 1182.

The other issue on appeal is whether the trial court properly dismissed the plaintiff's complaint based on res judicata grounds. The doctrine of res judicata or estoppel by judgment provides that a former adjudication on the merits by a court of competent jurisdiction constitutes an absolute bar to a second adjudication where there is identity of parties, subject matter and cause of action. (*Bass v. Scott* (1979), 79 Ill. App. 3d 224, 398 N.E.2d 236.) The effect of this doctrine is to make the judgment in the first action conclusive as to all questions actually decided and to all questions which might have been litigated and determined in that action. *La Salle National Bank v. County Board of School Trustees* (1975), 61 Ill. 2d 524, 337 N.E.2d 19, *cert. denied* (1976), 425 U.S. 936, 48 L. Ed. 2d 177, 96 S. Ct. 1668; *Baird & Warner, Inc. v. Addison Industrial Park, Inc.* (1979), 70 Ill. App. 3d 59, 387 N.E.2d 831; *Keim v. Kalbfleisch* (1978), 57 Ill. App. 3d 621, 373 N.E.2d 565.

The plaintiff argues that the prior adjudication involving the Village, the County and Northbrook Trust does not bar either count I or count II of its complaint because the causes of action are different. Plaintiff contends that count I of its complaint seeks a declaration that the County zoning ordinance adopted in 1976 is invalid whereas the prior suit instituted by

---

[2] The intervenor-defendants, including the Village of Northbrook, did raise this issue on appeal in the prior litigation. This argument was rejected because the parties were given the opportunity to submit questions to the assistant State's attorney for additional cross-examination and because no prejudice was shown to have been suffered. See 47 Ill. App. 3d 879, 890-91, 365 N.E.2d 433, 442.

Northbrook Trust sought to invalidate the 1960 zoning ordinance.[3] The Village contends that the new ordinance requires a definitive interpretation and that clarification is needed as to whether the new ordinance allows a commercial shopping center, subregional shopping center or a neighborhood shopping center. In addition, the plaintiff argues that it seeks to have uses permitted under the new ordinance, which were not the subject of the prior litigation, declared invalid.

■■ A cause of action consists of a right belonging to the plaintiff and a violation of that right by a wrongful act or omission by the defendant for which the law gives a remedy. (*City of Elmhurst v. Kegerreis* (1945), 392 Ill. 195, 64 N.E.2d 450.) The test employed to determine identity of causes of action for res judicata purposes is whether the evidence needed to sustain the second action would have sustained the first (*Keim v. Kalbfleisch; Pierog v. H. F. Karl Contractors, Inc.* (1976), 39 Ill. App. 3d 1057, 351 N.E.2d 249) or whether there is identity of facts essential to the maintenance of both cases. *Kahler v. Don E. Williams Co.* (1978), 59 Ill. App. 3d 716, 375 N.E.2d 1034.

■■ A close perusal of the plaintiff's complaint makes it more than clear that the Village is seeking to reinstitute the R-3 single-family residential zoning requirement for the subject property and to prevent the development of the property by Northbrook Trust as permitted by the prior litigation. Northbrook Trust's right to develop the subject property in accordance with its submitted plans and the right of the County and the intervenors to restrict that development via zoning regulations are the rights forming the basis of the prior action as well as count I of the present action. Furthermore, count I of the present complaint alleges facts and arguments considered in the prior action. The plaintiff's complaint argues that any zoning classification not substantially similar to the R-3 single-family residence district is invalid. The complaint also argues that the zoning reclassification of the subject property to allow for its development by Northbrook Trust is arbitrary, capricious and unreasonable based on the following factors: (1) existing uses of contiguous property; (2) trend of development; (3) detriment to public health, safety and morals; (4) destruction of property values; (5) traffic congestion; (6) diminution in assessed valuation of property; (7) adverse effects on police and fire protection, and (8) inadequate sewage and storm drainage. These factors are the criteria which the supreme court has held are relevant to an evaluation of the validity of a zoning ordinance. (*La Salle National Bank v.*

---

[3] Count I of plaintiff's complaint also discusses the Village's subdivision ordinance and seeks a determination that it applies to the subject property. For the purpose of clarity, however, we will defer discussion of the Village's ordinance until we address count II of the complaint.

*County of Cook* (1957), 12 Ill. 2d 40, 145 N.E.2d 65.) These factors were in fact considered by this court during the appeal of the prior action. (*Northbrook Trust & Savings Bank v. County of Cook* (1977), 47 Ill. App. 3d 879, 365 N.E.2d 433.) Clearly, the evidence needed to sustain count I of the Village's complaint would have sustained the first action. Therefore, the trial judge properly applied the doctrine of res judicata and held that the prior judgment barred the relitigation of the identical rights and duties of the same parties with respect to the zoning of the subject property.

Count II of the plaintiff's complaint concerns the applicability of the Village's subdivision ordinance. The plaintiff seeks a declaration that it has the jurisdiction over the subject property and injunctive relief prohibiting County officials from recording plats or issuing building permits to Northbrook Trust unless and until the Village determines that the development of the subject property will comply with the subdivision ordinance. On appeal the Village argues that count II was improperly dismissed based on res judicata principles since the causes of action in the prior and present adjudication are different.

The Village's subdivision ordinance was adopted pursuant to the provisions of division 12 of the Illinois Municipal Code (Ill. Rev. Stat. 1963, ch. 24, par. 11—12—4 *et seq.*). This provision enabled municipalities to create plan commissions to develop comprehensive plans affecting land situated within the corporate limits and contiguous territory not more than 1½ miles beyond the corporate limits and not included in any municipality. In order for a plan to become effective it must have been adopted by the corporate authorities. (Ill. Rev. Stat. 1963, ch. 24, par. 11—12—6.) The Village of Northbrook's subdivision ordinance established comprehensive design standards and requirements for streets, intersections, alleys, easements, blocks and lots, drainage, sewers, sidewalks, street lighting, tree planting, public utilities, use of existing streets during the construction process and permanent reference monuments. The ordinance also required the submission of guarantees of improvement completion and drainage and nuisance guarantees and set forth procedures for obtaining Village approval of proposed subdivision or resubdivision plans and plats.

Zoning and municipal planning are distinguishable concepts (8 McQuillin, Municipal Corporations §25.08, at 23-24 (3d ed. 1976)) in that zoning chiefly concerns the use of land and structures, size of buildings and use-intensity of the building sites (1 McQuillin, Municipal Corporations §1.75, at 112 (3d ed. 1971)). Planning embraces zoning (see generally Haar, *In Accordance With a Comprehensive Plan*, 68 Harv. L. Rev. 1154 (1955)) and encompasses the systematic and orderly development of a community with particular regard for streets, parks, industrial and commercial undertakings, civic beauty and other kindred matters (*State ex rel. Kearns v. Ohio*

*Power Co.* (1955), 163 Ohio St. 451, 127 N.E.2d 394; see *Ferndale Dairy, Inc. v. Zoning Com.* (1961), 148 Conn. 172, 169 A.2d 268). Both concepts have common objectives and concern the powers of governmental units to control the orderly development of land within their jurisdictions (8 McQuillin, Municipal Corporations §25.08, at 24 (3d ed. 1976)) by limiting the privileges and rights of property owners to use their properties as they desire. *County of Cook v. Priester* (1976), 62 Ill. 2d 357, 342 N.E.2d 41.

■■ The prior action instituted by Northbrook Trust sought a declaration that the subject property was arbitrarily and unreasonably zoned. The Trust sought to exercise its right to develop the property in accordance with submitted plans, while the County and Village of Northbrook sought to exercise their police powers by regulating the development of that land in accordance with their ordinances. The same rights and powers are again called into play in the instant proceedings. Thus, in accordance with *City of Elmhurst*, we find the same cause of action is presented in count II of the plaintiff's complaint as was adjudicated in the prior proceeding.

It is undisputed that the central issue in the prior litigation was the validity of the County's zoning ordinance. The Village of Northbrook, being contiguous to the property, intervened to support the restrictive zoning. The court enjoined the defendants from enforcing the provisions of the zoning ordinance and Northbrook Trust was held to be entitled to use the subject property in accordance with the plans it had submitted into evidence. None of the parties contends, nor does the record reflect, that the Village interjected the applicability of its subdivision ordinance or argues that Northbrook Trust's plans were in violation of the Village's ordinance during the prior adjudication.

■■ We believe that the case at bar is similar to *La Salle National Bank v. County Board of School Trustees* (1975), 61 Ill. 2d 524, 337 N.E.2d 19, *cert. denied* (1976), 425 U.S. 936, 48 L. Ed. 2d 177, 96 S. Ct. 1668. In that case the plaintiffs, alleging that they had reversionary interests in certain property, sought to restrain the transfers of titles of those properties arguing that the transferors did not have fee simple titles. The plaintiffs were defendants in prior condemnation actions in which fee simple titles were ordered vested in the school authorities who were the transferors in the subsequent action. The court held that the later actions were barred by the doctrine of res judicata because the plaintiffs had the opportunity in the prior eminent domain actions to argue their retentions of ownership interests in the subject properties but had not done so. Similarly, we believe the Village of Northbrook had the opportunity in the prior action to assert that the plans submitted by Northbrook Trust violated its subdivision ordinance. The Village did not do so. The Trust's right to develop the property was upheld and the defendants were enjoined from interfering with the development. The former final judgment was conclusive of the rights of the parties and

their privies and constitutes an absolute bar to a subsequent action involving the same cause of action. (*La Salle National Bank v. County Board of School Trustees*.) Thus, count II of the plaintiff's complaint was properly dismissed.

For the foregoing reasons, the order of the Circuit Court of Cook County dismissing the plaintiff's complaint is affirmed.

Affirmed.

McNAMARA and GOLDBERG, JJ., concur.