### John W. PFEIFFER, Plaintiff,

### v.

### WM. WRIGLEY JR. COMPANY, Defendant.

### No. 83 C 3219.

United States District Court, N.D. Illinois, E.D.

Oct. 20, 1983.

Steven J. Rosenberg, Chicago, Ill., for plaintiff.

Carol B. Manzoni, Pope, Ballard, Shepard & Fowle, Ltd., Chicago, Ill., for defendant.

Memorandum

LEIGHTON, District Judge.

This cause is before the court on defendant's motion for summary judgment. Plaintiff, John Pfeiffer, is a 65 year old American citizen who was employed in West Germany by defendant, Wm. Wrigley Jr. Company ("Wrigley"). In March 1983, his employment was terminated; he alleges that this was unlawful and in violation of his rights under the Age Discrimination in Employment Act ("ADEA"). 29 U.S.C. § 621 *et seq.* The sole issue presented in this motion is whether the ADEA applies extraterritorially to American citizens working in foreign countries. For the reasons stated below, this court holds that it does not; therefore, defendant's motion is granted.

In 1974, plaintiff was hired, in Chicago, by Wrigley as its director for the Soviet Union and Eastern Europe. He was to be responsible for selling and distributing Wrigley's brands of chewing gum to east European countries as well as the Soviet

Union. While working in this capacity, plaintiff resided in Munich, West Germany and performed virtually all his duties outside the United States. In 1978, the parties agreed that plaintiff had done all he could in his capacity as director so he took over as Export Marketing Division Manager of Deutsche Wrigley, GmbH, a wholly-owned subsidiary of Wrigley, incorporated under the laws of West Germany. Plaintiff was in the employ of Deutsche Wrigley until his termination in 1983. From 1978 to 1983 plaintiff continued to reside in Munich and continued to perform all his duties outside the United States.

Plaintiff argues that he was, at all times during his employment, an employee of U.S. Wrigley. He claims that the decision to terminate his employment came from Wrigley's Chicago headquarters and his termination was based on his age in violation of Section 623 of the ADEA. 29 U.S.C. § 623. Defendant, denying that plaintiff's termination was based on his age, moves for summary judgment on the ground that ADEA does not apply to American citizens who are employed in a foreign country by either American or foreign corporations.

■ It is well established that in the absence of an express provision to the contrary, Congressional legislation applies only within the territorial jurisdiction of the United States. *Blackmer v. United States,* 284 U.S. 421, 437, 52 S.Ct. 252, 254, 76 L.Ed. 375 (1932). At issue here is the extraterritorial application of the ADEA. Nowhere in the statute does it provide that its terms apply outside the United States. Defendants argue that not only did Congress not intend to have the ADEA apply extraterritorially by not specifically providing for it in the Act; but this intention is clearly shown by Congress' incorporation of provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–19, into the ADEA. For example, Section 626(b) of ADEA, which incorporates various provisions of FLSA, states that:

The provision of this chapter shall be enforced in accordance with the powers, remedies, and procedures provided in sections 211(b), 216 (except for subsection (a) thereof), and 217 of this title, and subsection (c) of this section.

29 U.S.C. § 626(b).

Section 216(d) of the FLSA, referred to above, provides:

In any action or proceeding ... no employer shall be subject to any liability or punishment under this chapter ... on account of his failure to comply ... with respect to work heretofore or hereafter performed in a workplace to which the exemption in section 213(f) of this title is applicable....

29 U.S.C. § 216(d).

Section 213(f), referred to in section 216(d) above, prohibits the extraterritorial application of the FLSA:

[T]his title shall *not apply with respect to any employee whose services during the work week are performed in a workplace within a foreign country.*

29 U.S.C. § 213(f). (emphasis added.)

■ It is clear to the court that when Congress incorporated various provisions of FLSA into ADEA it intended to incorporate the territorial restrictions of FLSA. If Congress wished ADEA to apply extraterritorially, it could have explicitly eliminated incorporation of section 213(f) of FLSA into ADEA. The Supreme Court in *Lorillard v. Pons,* 434 U.S. 575, 98 S.Ct. 866, 55 L.Ed.2d 40 (1978) held that jury trials are available to private litigants under ADEA because ADEA incorporated provisions of FLSA which provided for jury trials. In reaching this decision the Court noted that:

where, as here, Congress adopts a new law incorporating sections of a prior law, Congress normally can be presumed to have had knowledge of the interpretation given to the incorporated law, at least insofar as it affects the new statute. That presumption is particularly appropriate here since, in enacting the ADEA, Congress exhibited both a detailed knowledge of the FLSA provisions and their judicial interpretation and a willingness to depart from those provisions re-

garded as undesirable or inappropriate for incorporation.

*Id.* at 581, 98 S.Ct. at 870. Application of the presumption that Congress has knowledge of the interpretation given to the incorporated law leads this court to conclude that ADEA does not apply extraterritorially.

Other courts which have directly addressed the issue of the extraterritorial application of the ADEA have held that the Act does not apply to United States citizens working for United States corporations in foreign countries. *See Cleary v. United States Lines*, 555 F.Supp. 1251 (D.N.J. 1983); *Zahourek v. Arthur Young & Company*, 567 F.Supp. 1453 (D.C.Col.1983). In *Cleary*, the plaintiff was employed in England by an American corporation. Plaintiff, allegedly discharged on account of his age, brought suit under the ADEA. The court held that the ADEA does not apply to employees of United States corporations working in foreign countries. In so holding, *Cleary* reasoned first, that Congress intended a territorial application of the ADEA when it specifically incorporated provisions of the FLSA. Second, the court pointed out it would be anomalous to permit the extraterritorial application of the Act and at the same time not allow the EEOC investigatory apparatus to function extraterritorially. Also, *Cleary* noted that Congress could have provided for extraterritorial application of the ADEA as it did in the Defense Base Act, 42 U.S.C. § 1651, and the War Hazards Compensation Act, 42 U.S.C. § 1701(a). Finally, *Cleary* rejected an argument that the relevant statutory analogy to the substantive provisions of the ADEA is not the FLSA but Title VII of the Civil Rights Act of 1964. 42 U.S.C. § 2000e, which has been held to apply extraterritorially. *Bryant v. International Schools Services, Inc.,* 502 F.Supp. 472 (D.N.J.1980), *rev'd on other grounds,* 675 F.2d 562 (3rd Cir.1982).

Plaintiff also argues that the analogous statute to the ADEA is not FLSA but Title VII. He contends that Title VII is the analogous statute because ADEA's definition of "employer" was patterned after Title VII. In *Bryant v. International Schools Services, Inc.,* 502 F.Supp. 472 (D.N.J.1980), the court held that Title VII applies to American workers employed outside the United States. The decision relied on language contained in Title VII, but not in ADEA, which exempts certain entities from coverage:

> This subchapter shall not apply to an employer with respect to the employment of aliens outside any State, or to a religious corporation.

42 U.S.C. § 2000e–1. From this language, the *Bryant* court concluded that since Congress expressly exempted aliens employed outside any state from coverage, then Congress must have, by negative implication, intended Title VII to apply to United States citizens employed outside of any state. *Accord Love v. Pullman Company,* 569 F.2d 1074 (10th Cir.1978). The *Bryant* decision is based solely on a judicial construction of an exemption in Title VII which has no equivalent in the ADEA. As the court, in *Cleary* recognized:

> In arguing by analogy to Title VII that the ADEA should be applied extraterritorially, plaintiff ... relies upon a provision of Title VII that it first asks the court to incorporate into the ADEA, even though Congress has not done so, and then asks the court to draw a negative inference therefrom. The court has no authority to engage in the type of judicial legislation sought by plaintiff.... According to plaintiff, the ADEA's substantive provisions are modeled exclusively upon Title VII. Yet the one provision of Title VII, from which a negative inference can be drawn in favor of applying the Act extraterritorially, is noticeably absent from the ADEA. The only reasonable conclusion that can be drawn from the absence of this provision is that Congress did not intend the ADEA to apply abroad.

555 F.Supp. at 1261.

This court agrees with the reasoning in *Cleary* that Title VII's extraterritorial application is not analogous to the ADEA.

Had Congress intended the ADEA to apply extraterritorially, it would have expressly provided for it in the Act. Plaintiff cites a passage from *Cleary* to further support his contention that the ADEA applies abroad:

> There is no valid policy reason why this country's laws against age discrimination should not apply to American companies abroad. In fact, not to apply the laws under such circumstances invites their circumvention by unscrupulous employers. For example, to deny extraterritorial effect to the age discrimination laws would invite an employer to transfer an older employee to a foreign subsidiary or branch as a subterfuge and then terminate his services in violation of the statute.

555 F.Supp. at 1263.

Although this court agrees that the territorial application of the ADEA could invite some unscrupulous employers to circumvent the statute, it must assume that when Congress enacted the statute it took this into consideration. The court will not substitute its views for that of Congress. Furthermore, assuming, *arguendo*, that the court would apply the ADEA extraterritorially if it found that an employer transferred an employee out of the country to circumvent the provisions of the ADEA, this reasoning still would not apply to the plaintiff in this case. He has worked abroad ever since he was employed by defendant. Therefore, even if the court allowed a claim under ADEA if plaintiff could prove that he was transferred out of the country so that the employer could circumvent the law, this is not the situation here. For these reasons, the court holds that the ADEA does not apply to American citizens working for American companies in foreign countries. Accordingly, summary judgment will be entered for defendant and the suit is dismissed.

So ordered.