JOHN PFEIFFER, Plaintiff-Appellee, v. WILLIAM WRIGLEY JR. COMPANY *et al.*, Defendants-Appellants.

First District (1st Division)  No. 84—3002

Opinion filed October 21, 1985.

Pope, Ballard, Shepard & Fowle, Ltd., of Chicago (Carol B. Manzoni, of counsel), for appellants.

Steven J. Rosenberg, P.C., of Chicago, for appellee.

JUSTICE O'CONNOR delivered the opinion of the court:

This permissive interlocutory appeal arises out of the trial court's refusal to dismiss plaintiff's action based on the doctrine of *res judicata*. The question certified by the trial court is whether the plaintiff's present action sounding in fraud and alleging that he was forced to retire at age 65 is barred by the dismissal of plaintiff's initial action in Federal district court alleging that he was forced to retire at age 65 in violation of the Age Discrimination in Employment Act, codified as amended, 29 U.S.C. secs. 621 through 634 (1982) (hereinafter cited as the ADEA). We hold that plaintiff's present action is not barred by *res judicata* principles and affirm.

The record reveals that plaintiff, John Pfeiffer, is an American citizen who was employed in West Germany by defendant, the William Wrigley Jr. Company (the Wrigley Company). In March 1983, his employment was terminated on or about his 65th birthday. On May 10, 1983, plaintiff filed an action against the Wrigley Company in Federal district court alleging that his termination violated his rights under the ADEA. On defendant's motion, the Federal district court dismissed plaintiff's action on the ground that the ADEA does not apply extraterritorially to American citizens working in foreign countries. *Pfeiffer v. William Wrigley Jr. Co.* (N.D. Ill. 1983), 573 F. Supp. 458, *affirmed* (7th Cir. 1985), 755 F.2d 554.

Subsequently, plaintiff filed the instant action against the Wrigley Company and three of its corporate officers. Sounding in fraud, the complaint alleged that in 1974, when plaintiff was 56 years of age, he was offered a position with the Wrigley Company as director for the Soviet Union and Eastern Europe. Specifically, he alleged that he was told that: (a) the company had no forced retirement policy; (b) plaintiff could work until he was at least 68 years old; and (c) plaintiff would be moved to the Chicago office after two or three years (*i.e.*, by 1976 or 1977). Plaintiff further claimed that he was "forced to retire on his

sixty-fifth birthday on March 31, 1983," and was "stationed overseas from 1974 until his retirement [in 1983]." Defendants subsequently filed a motion to dismiss on the ground the plaintiff's present action was barred by the doctrine of *res judicata*. The trial court denied the motion to dismiss but allowed the defendants to bring this interlocutory appeal pursuant to Supreme Court Rule 308 (87 Ill. 2d R. 308).

The doctrine of *res judicata* reflects the public policy favoring finality in litigation and judicial economy. (*Smith v. Bishop* (1962), 26 Ill. 2d 434, 187 N.E.2d 217; *Redfern v. Sullivan* (1982), 111 Ill. App. 3d 372, 375, 444 N.E.2d 205.) *Res judicata* or estoppel by judgment provides that a final judgment rendered on the merits by a court of competent jurisdiction bars a subsequent action between the parties in the initial action and their privies on the same claim, demand or cause of action. (*Schmitt v. Woods* (1979), 73 Ill. App. 3d 498, 499-500, 392 N.E.2d 55; *Rotogravure Service, Inc. v. R. W. Borrowdale Co.* (1979), 77 Ill. App. 3d 518, 524, 395 N.E.2d 1143.) *Res judicata* extends to questions which were or might have been determined in the initial action. (*Yaw v. Beeghly* (1982), 109 Ill. App. 3d 627, 632, 440 N.E.2d 1066; *Cranwill v. Donahue* (1981), 99 Ill. App. 3d 968, 970, 426 N.E.2d 337, *appeal denied* (1982), 88 Ill. 2d 549.) However, the dimension of *res judicata* that bars matters which might have been litigated applies only where the first and second suit involves the same cause of action. *Fountas v. Breed* (1983), 118 Ill. App. 3d 669, 673, 455 N.E.2d 200; *Kahler v. Don E. Williams Co.* (1978), 59 Ill. App. 3d 716, 718, 375 N.E.2d 1034.

In the case at bar, there is no dispute but that the Federal district court had jurisdiction over plaintiff's initial action arising under the ADEA, and that its dismissal of his action constituted a final judgment on the merits even though the Federal court never reached the age discrimination issue or decided whether the ADEA would have been violated if plaintiff had been employed in the United States. (Fed. R. Civ. P. 41(b).) Since the identity of parties and subject matter requirements have also been met, the only question remaining to be decided is whether plaintiff's suits involve the same cause of action.

A cause of action consists of a right belonging to the plaintiff and a violation of that right by a wrongful act or omission by the defendant for which the law gives a remedy. (*City of Elmhurst v. Kegerreis* (1945), 392 Ill. 195, 205-06, 64 N.E.2d 450; *Village of Northbrook v. County of Cook* (1980), 88 Ill. App. 3d 745, 750, 410 N.E.2d 925, *appeal denied* (1981), 82 Ill. 2d 585.) Mere similarity in pleadings is not determinative of the issue of *res judicata*. *Andre v. Blackwell Electronics Industrial Co.* (1972), 7 Ill. App. 3d 970, 976, 289 N.E.2d 27.

When determining the identity of causes of action for *res judicata* purposes, one line of Illinois cases considers whether the evidence needed to sustain the second suit would have sustained the first, or whether there is identity of facts essential to the maintenance of both cases. (*Village of Northbrook v. County of Cook* (1980), 88 Ill. App. 3d 745, 750; *Palya v. Palya* (1980), 87 Ill. App. 3d 472, 475, 409 N.E.2d 133.) Another line of Illinois cases has adopted a "transactional" approach in determining whether two suits involve the same cause of action, stating that "the assertion of different kinds or theories of relief still constitutes a single cause of action if a single group of operative facts give rise to the assertion of relief." (*Baird & Warner, Inc. v. Addison Industrial Park, Inc.* (1979), 70 Ill. App. 3d 59, 64, 387 N.E.2d 831, *appeal denied* (1979), 79 Ill. 2d 609; see *Phillips v. Elrod* (1985), 135 Ill. App. 3d 70, 74, 478 N.E.2d 1078; see generally *Hagee v. City of Evanston* (7th Cir. 1984), 729 F.2d 510, 513 (applying Illinois law).) In the context of the case at bar, however, we see no reason to choose between the two approaches since we reach the same result using either one.

A close examination of the proof required in plaintiff's two suits reveals that the same evidence would not sustain both suits, and that the facts essential to one case would not be essential to the other. Plaintiff's current action requires proof that intentional misrepresentations made by defendants concerning the terms of employment were justifiably relied upon by plaintiff. (*Soules v. General Motors Corp.* (1980), 79 Ill. 2d 282, 286, 402 N.E.2d 599.) An action under the ADEA requires that plaintiff prove that he was within the protected age group of 40 to 70 years of age; he was discharged despite the adequacy of his work; and he was discharged because of his age. (See *Golomb v. Prudential Insurance Co.* (7th Cir. 1982), 688 F.2d 547; E. Devitt & C. Blackman, Federal Jury Practice & Instructions sec. 92.25 (1985 Supp.).) Evidence concerning defendants' misrepresentations and plaintiff's reliance, which is crucial in the instant suit, would not have sustained an action brought under the ADEA. Similarly, the fact that plaintiff was discharged on account of his age, which is central to his ADEA suit, would not necessarily be an essential fact in the current action based on fraudulent misrepresentations. Focusing on the necessary evidence and essential facts of each suit, it is clear, under this approach, that plaintiff's State and Federal suits do not involve the same cause of action even though they contain similar allegations that plaintiff "was forced to retire at age sixty-five."

Defendants argue, in essence, that the present suit is a reincarnation of the prior suit brought under a different legal theory and re-

questing relief for what is in effect the same injury. In support of their argument, defendants cite *Cemer v. Marathon Oil Co.* (6th Cir. 1978), 583 F.2d 830, where the court implicitly used a transactional approach to hold that a State law breach of contract claim was barred by the prior adjudication of an ADEA action. However, *Cemer* is inapposite because (1) the State law breach of contract claim in *Cemer* is factually distinguishable from the State law claim of fraud at issue here; and (2) the court's decision in *Cemer* was expressly based upon the State and Federal claims being within the Federal court's original jurisdiction (583 F.2d 830, 832 n.2), and the court's finding that both suits sought to remedy the same alleged injury—the discharge of plaintiff by defendant (583 F.2d 830, 832).

■ In the case at bar, the Federal court had no independent basis for asserting jurisdiction over plaintiff's State law claim. Indeed, it is questionable whether plaintiff could have litigated his State law claim in Federal court by invoking that court's pendent jurisdiction. (See *Arnell v. Pan American World Airways, Inc.* (S.D.N.Y. 1985), 611 F. Supp. 908, 910.) But even if plaintiff could have brought his State law claim with his Federal law claim, he was not required to do so under the Federal rules of joinder where there are independent causes of action. (See *Commercial Box & Lumber Co. v. Uniroyal, Inc.* (5th Cir. 1980), 623 F.2d 371; 3A Moore's Federal Practice sec. 18.04 (1985).) Similarly, principles of finality and judicial economy behind *res judicata* do not mandate that plaintiff's failure to join them in his initial suit should bar the present suit where the necessary proof and underlying facts in the two suits are different. See *Fountas v. Breed* (1983), 118 Ill. App. 3d 669, 673; *Cranwill v. Donahue* (1981), 99 Ill. App. 3d 968; *Andre v. Blackwell Electronics Industrial Co.* (1972), 7 Ill. App. 3d 970.

Here, plaintiff's current suit focuses on the beginning of his employment relationship with defendants, and seeks to recover for allegedly fraudulent inducements to accept employment. In contrast, the previous ADEA action sought to remedy the allegedly wrongful termination of plaintiff's employment. Clearly, plaintiff's current suit for fraud does not flow from the same conduct complained of in plaintiff's earlier suit, and does not seek to remedy the same alleged injury. Rather, plaintiff's suits involve different underlying facts and seek to remedy separate injuries which occurred at different times during plaintiff's seven-year employment relationship with the Wrigley Company.

■ In conclusion, applying either a "necessary evidence" approach or a "transactional" approach, plaintiff's State and Federal

suits do not involve the same cause of action and, therefore, *res judicata* principles are inapplicable. Accordingly, we hold that plaintiff's current action sounding in fraud is not barred by the Federal court's dismissal of plaintiff's previous action brought under the ADEA. The judgment of the trial court is affirmed and the cause remanded.

Affirmed.

BUCKLEY, P.J., and QUINLAN, J., concur.