DAVID WIENCEK, Indiv. and on Behalf of Those Similarly Situated, Plaintiff-Appellant, v. WOODFIELD FORD SALES, INC., Defendant-Appellee.

First District (1st Division)   No. 1—91—1185

Opinion filed July 20, 1992.—Rehearing denied August 26, 1992.

Kralovek, Marquard, Doyle & Gibbons, Chartered, of Chicago (Nancy J. Arnold and Sara T. Wiggs, of counsel), for appellant.

Hardt & Stern, P.C., of Chicago (Richard M. Karr and Elliot B. Pollock, of counsel), for appellee.

JUSTICE O'CONNOR delivered the opinion of the court:

On October 23, 1989, plaintiff, David Wiencek, individually and on behalf of those similarly situated, filed a class action complaint against defendant, Woodfield Ford Sales, Inc. The circuit court ultimately dismissed the complaint, ruling that the action was barred by a settlement and judgment reached in an earlier class action suit. Plaintiff appeals.

We affirm.

Count IV[1] of plaintiff's complaint alleged that defendant continuously charged a "delivery and handling" fee ("D & H fee") to persons or entities purchasing new and used motor vehicles. Plaintiff charged that the D & H fee of $149, preprinted on the vehicle buyer's order form, was a fraudulent charge. Plaintiff sought a judgment which awarded plaintiff and each class member an amount sufficient to compensate for amounts paid to defendant for D & H fees.

In its subsequent motion to dismiss, defendant argued that plaintiff's suit was barred because of the disposition of a prior multicount class action complaint filed in the circuit court, Barbara Nale v. Larry Faul Oldsmobile-GMC Truck, Inc., No. 90—CH—00128. That action also sought relief for license, title, and transfer fees, as well as for D & H overcharges. Defendant, a member of the defendant class in cause No. 90—CH—00128, maintained that the suit was settled and was the subject of a consent decree.

The judgment order in cause No. 90—CH—00128 refers to and approves paragraph 11 of the settlement agreement, which provides that each member of the plaintiff class would release and discharge each defendant "for, upon, or by reason of any manner, cause or

---

[1]The parties do not dispute that counts I through III and V of plaintiff's complaint were similar to allegations contained in the previous class action suit and that the dismissal of these counts was appropriate.

thing, whatsoever, arising under state or federal law which were or could have been asserted and which relate to or arise out of the facts alleged in the Litigation against such Defendant." Plaintiff did not elect to opt out of the class action.

Additionally, the State of Illinois, through the Illinois Attorney General, also filed a complaint against defendant, People v. Woodfield Ford Sales, which was settled under a final judgment and consent decree. This decree provided specific remedies to consumers harmed by the overcharging by defendant of D & H fees.

As noted above, the circuit court dismissed the complaint, ruling that the action was barred by the settlement and judgment reached in cause No. 90—CH—00128.

Plaintiff contends that the circuit court erred in finding that the complaint was barred by the final judgment reached in the prior class action suit. Plaintiff argues that *res judicata* does not bar the action because the parties were not the same and because the allegations concerning the D & H fee, as alleged in count IV, were dissimilar to the allegations contained in cause No. 90—CH—00128. Specifically, plaintiff argues that the earlier suit concerned a $7 D & H fee overcharge, whereas his suit focuses on a $149 D & H fee overcharge.

■ Generally, the doctrine of *res judicata* provides that a final judgment on the merits rendered by a court of competent jurisdiction is conclusive as to the rights of the parties and their privies and, as to them, constitutes an absolute bar to a subsequent action involving the same claim, demand, or cause of action. (*Spiller v. Continental Tube Co.* (1983), 95 Ill. 2d 423, 447 N.E.2d 834.) This rule is designed to protect litigants from the burden of retrying an identical cause of action or issue with the same party or privy and to enhance judicial economy by prohibiting repetitive litigation. (*People v. Bone* (1980), 82 Ill. 2d 282, 412 N.E.2d 444, *cert. denied* (1981), 454 U.S. 839, 70 L. Ed. 2d 120, 102 S. Ct. 145.) The doctrine of *res judicata* applies "not only to what actually was decided in the original action but also to matters which could have been decided in that suit." *La Salle National Bank v. County Board of School Trustees* (1975), 61 Ill. 2d 524, 529, 337 N.E.2d 19, *cert. denied* (1976), 425 U.S. 936, 48 L. Ed. 2d 177, 96 S. Ct. 1668.

We initially note that plaintiff admitted, in the circuit court, that he was a member of the certified class in cause No. 90—CH—00128. During oral arguments in this court, counsel again admitted that the named plaintiff was a member of the earlier class action. Given these admissions, it is difficult to give credence to plaintiff's assertion that the parties involved in both actions were not identical. Realizing this,

plaintiff insists that the identity requirement of *res judicata* is not met where the parties merely share "common elements," and suggests that the difference in D & H fee charges ($7 as opposed to $149) precludes a finding of identical parties. We disagree. The substance of the allegation relates to consumers who were overcharged with regard to D & H fees during automotive sales. The amount of that overcharge is immaterial for purposes of *res judicata*. In cause No. 90—CH—00128, the plaintiff class was comprised of those people charged a sum of money for vehicle license, title, registration, and transfer fees which exceeded the sum required under law. Moreover, the complaint in the earlier action makes specific reference to fraudulent D & H fee charges. The earlier plaintiff class consisted of those "who, since January 1, 1987, suffered losses as a result of their purchasing or leasing *** motor vehicles sold by [the defendant class]." Plaintiff was a member of that class by virtue of his May 20, 1989, motor vehicle purchase from defendant. Furthermore, Wiencek did not elect to be excluded from that action. Accordingly, once he was included in the class, he settled any claim which he could have had regarding the D & H fee.

With regard to the same action requirement, two different methods of evaluation are used in Illinois courts. One branch of cases considers whether the suits arise out of "a single group of operative facts." (*Radosta v. Chrysler Corp.* (1982), 110 Ill. App. 3d 1066, 443 N.E.2d 670; *Morris v. Union Oil Co.* (1981), 96 Ill. App. 3d 148, 421 N.E.2d 278; *Baird & Warner, Inc. v. Addison Industrial Park, Inc.* (1979), 70 Ill. App. 3d 59, 387 N.E.2d 831.) Another branch of cases examines whether the evidence needed to sustain the second suit would have sustained the first, or whether there is identity of facts essential to the maintenance of both cases. *Village of Northbrook v. County of Cook* (1980), 88 Ill. App. 3d 745, 410 N.E.2d 925; *Palya v. Palya* (1980), 87 Ill. App. 3d 472, 409 N.E.2d 133.

■ In the present case, both cause No. 90—CH—00128 and the Attorney General's suit involved the same set of operative facts as does plaintiff's case. In cause No. 90—CH—00128, the defendants allegedly overcharged the plaintiff class for a D & H fee during the course of a motor vehicle sales transaction. Similarly, the Attorney General sought relief for defendants' fraudulent overcharges for D & H fees during automotive sales. Plaintiff's complaint contains substantively identical allegations as were made in the prior litigations. As a result, we find the same facts present in all the actions.

Under the same evidence analysis, plaintiff's action and the earlier action both sought redress for the fraudulent overcharging of con-

sumers with regard to D & H fees. Evidence concerning defendant's misrepresentations and concealment as well as plaintiff's reliance, crucial to plaintiff's suit, would have sustained the action brought by plaintiff Nale. Such actions require evidence that defendant charged customers a D & H fee which was used to defendant's benefit and that this fee was set forth in the purchase agreement. Moreover, plaintiff must establish that defendant knowingly concealed from customers the true nature of the fee and that the customers relied to their detriment on such misrepresentations. Thus, the same evidence was needed to advance both actions. Based on the foregoing, the doctrine of *res judicata* barred plaintiff's action. Accordingly, the circuit court correctly granted defendant's motion to dismiss the complaint.

In light of our determination that *res judicata* barred plaintiff's complaint, we need not address plaintiff's alternative argument concerning collateral estoppel.

The judgment of the circuit court is affirmed.

Affirmed.

BUCKLEY, P.J., and CAMPBELL, J., concur.